IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARY ANN MYNATT,                        )
                                        )
                    Plaintiff,          )
                                        )
                                        )
v.                                      )        No. 3:12-CV-303
                                        )
 MORRISON   MGT.   SPECIALIST,   INC.,  )
JENNIFER NICHOLS, and                   )
CATHY SAMMONS,                          )
                                        )
                    Defendants.         )

## MEMORANDUM AND ORDER

On February 18, 2014, this court entered a memorandum opinion and order

granting defendants' summary judgment motion and dismissing this case [docs. 33, 34].

That same day, the Clerk of Court mailed a copy of the memorandum opinion and order

to *pro se* plaintiff at her address of record – 424 Academy Street, Lot 6, Maynardville,

TN 37807.  That mailing was not returned to the court as undeliverable or for any other

reason.

On March 26, 2014, plaintiff filed in this court a notice of appeal and an

application for leave to appeal *in forma pauperis* [docs. 35, 36].  Those documents were

mailed to the court with a postmark of March 25, 2014.  As the return address, the

mailing bore plaintiff's address of record as noted above.  In material part, plaintiff's

filing stated, "I just learned of this [the dismissal of her case] on 3/24/14 an [sic] I would like too [sic] file a [sic] appeal . . . ."

By order entered April 8, 2014, the Sixth Circuit Court of Appeals directed plaintiff to show cause why her appeal should not be dismissed as untimely. [Appellate record, doc. 4]. Plaintiff responded to that order by mail, and the mailing again bore the return address noted above. Plaintiff wrote,

> I ask the court to please Excuse me. I have tried to get help on this case since 2010 and I'm not to familiar with the legal system so I just try to do my best to figure it out an what i need to do. Defendants Attorney Mr. Frederick Smith ask me if they could ask court for extension from 2-2014 to 4-2014 And i did'nt know the case had been disssmissed and that i needed to file appeal. I was waiting to get notice of new court date an find information on how to file Evidence an witness statement with court.

[*Id.*, doc. 5] (grammar and punctuation as in original). Defendants/Appellees then filed a reply in opposition. [*Id.*, doc. 8].

On May 30, 2014, the Sixth Circuit entered an order, observing that plaintiff's "notice of appeal is late." [*Id.*, doc. 9]. The Sixth Circuit "remand[ed] to the district court for the limited purpose of determining whether the notice of appeal should be treated as a Rule 4(a)(5) motion for an extension of time and, if appropriate, for a ruling on the motion." [*Id.*].

In deference to plaintiff's *pro se* status, this court will treat her March 26 notice of appeal as a motion for extension of time to appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. With exceptions not presently relevant, the appellate rules allowed Plaintiff 30 days after the entry of the court's summary judgment

ruling (in this case, until March 20, 2014) to file her appeal. *See* Fed. R. App. P. 4(a)(1)(A). The court may extend that period upon a timely motion, but only if the plaintiff "shows excusable neglect or good cause." *See* Fed. R. App. P. 4(a)(5)(A).

"Excusable neglect" is "a strict standard which is met only in extraordinary cases." *See Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). The "good cause" standard is met "where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Id.*

Plaintiff has not shown good cause or excusable neglect. The claim that she "just learned of" the dismissal of her case on March 24 does not ring true. On February 18, the Clerk of Court mailed notice of dismissal to the address that plaintiff still purports to use, and that mailing was not returned. Further, how plaintiff learned of the dismissal on March 24 – but not before – is unexplained. *See Nicholson*, 467 F.3d at 526 (no showing of good cause where appellant "gave no details" that would indicate an inability to timely appeal).

Plaintiff's *pro se* status and unfamiliarity with the law do not rise to the extraordinary level of excusable neglect. "[M]istakes by those who proceed without counsel are not necessarily excusable." *Id.* at 527. "Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Id.* On March 24, plaintiff obviously knew how to file a notice of appeal. The court has been shown no reason why she could not have done so earlier.

Lastly, the court finds it to be irrelevant whether plaintiff was allegedly waiting for a new or "extended" court date, or whether she was allegedly attempting to learn "how to file evidence." In the present case, these issues have not been shown to be relevant to a demonstration of good cause or excusable neglect.

As stated above, the court construes plaintiff's March 26 notice of appeal as a motion for extension of time to appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. For the reasons provided herein, that motion [doc. 35] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge